196 February 26, 2025 No. 139

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JERRY BOURN,
*Petitioner,*

*v.*

BOARD OF PAROLE AND POST-PRISON
SUPERVISION,
*Respondent.*

Board of Parole and Post-Prison Supervision
A180447

Submitted January 28, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Sarah De La Cruz, Deputy Public Defender, Oregon Public Defense Commission, filed the briefs for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Petitioner seeks judicial review of a Board of Parole and Post-Prison Supervision (the board) final order, which denied petitioner relief from his obligation to report as a sex offender due to his failure to appear at the initial hearing and his relocation outside of Oregon. Having reviewed the board's findings for substantial evidence and substantial reason, ORS 183.482(8)(c), and the board's legal conclusions to determine if "the agency has erroneously interpreted a provision of law," ORS 183.482(8)(a), we conclude that petitioner's relocation outside of the State of Oregon relieved him of his duty to report to Oregon authorities and divested the board of authority to grant relief to petitioner, and we affirm.

Under ORS 163A.010 and ORS 163A.020, individuals with qualifying convictions who live, work, or attend an institution of higher education in Oregon must report as sex offenders. Following a conviction for a qualifying crime, petitioner was required to register as a sex offender in Oregon. In 2021, more than five years after petitioner completed his supervised release, he petitioned the board for relief or reclassification from sex offender registration as provided in ORS 163A.125. At that time, petitioner was living in California.

The board sent electronic notice of a hearing regarding his petition to an email address provided by petitioner. Petitioner did not attend the hearing and contends he did not receive notice. The board initially denied petitioner's request due to his failure to appear, citing OAR 255-087-0080(1).[1] Petitioner requested administrative review, which was granted, and the board upheld the denial due to his failure to appear at the hearing.

After petitioner initiated this judicial review, the board withdrew its order and replaced it with a revised final order. In the revised final order, the board again denied relief due to petitioner's failure to appear, and it added a second reason. The board noted that, prior to petitioning for relief, petitioner reported an address change to California

---

[1] OAR 255-087-0080(1) provides, in relevant part: "If a registrant refuses or fails to appear at a hearing, the refusal will be considered to be the registrant's waiver of appearance and the petition will be denied."

and that he subsequently reported a move to Arizona,[2] and it determined that petitioner's change of residency outside of Oregon rendered him ineligible to petition the board for such relief. The board cited OAR 255-087-0020(3)(a), which provides: "Qualifications - Registrants who are classified as a level one sex offender and who live, work or go to school in Oregon, may petition the Board for relief from registration."

Because it is dispositive, we begin with the board's determination that petitioner was ineligible to petition for relief due to his residency outside of Oregon. Petitioner contends that OAR 255-087-0020(3)(a) conflicts with ORS 163A.055 and that the board erred in denying his petition for relief on the basis that he does not live, work, or attend school in Oregon. Petitioner argues that the board's revised final order essentially "requires petitioner to register in Oregon without authority to do so, but also prevents him from raising a challenge to the registration requirement."

We disagree with petitioner's argument that OAR 255-087-0020(3)(a) conflicts with ORS 163A.055. Under ORS 163A.055, when an individual who is required to register as a sex offender in Oregon moves to another state, the Oregon Department of State Police (the department) is no longer "responsible for registering and tracking [the] person." Instead, the department is required to notify the appropriate agency in the person's new state of residence. ORS 163A.055.[3] At that point in time, Oregon no longer

---

[2] As noted in the revised final order, there is no indication that petitioner works or attends school in Oregon, or otherwise maintains residency here.

[3] The Sex Offender Registration and Notification Act (SORNA) requires that each state maintain procedures for registering sex offenders who relocate, begin work, or attend school in a new state. 34 USC §§ 20901 - 20932; Lisa N. Sacco, Cong Rsch Serv, R43954, *Federal Involvement in Sex Offender Registration and Notification: Overview and Issues* 1 n 1 (2015) (*Fed Involvement*). SORNA also places registration obligations on individual sex offenders—including that "[a] sex offender shall register, and keep the registration current, in each jurisdiction *where the offender resides, where the offender is an employee, and where the offender is a student.*" 34 USC § 20913 (emphasis added); *see also* 28 CFR § 72.7(c), (d) (requiring sex offenders to initiate registration upon entrance in a new jurisdiction for residence, work, or school; and requiring sex offenders to report departure or termination of residence, work, or school from a jurisdiction where they had been required to report). After moving from Oregon, an individual may be subject to different sex offender registration requirements or eligibility for relief. *Fed Involvement* at 1 (Sex offender registries "are not uniform in the information they collect, the manner in which they classify offenders, or the types of offenders

has authority to require the individual to register as a sex offender in Oregon, and thus, the individual ceases to have a sex offender registration obligation to Oregon. Likewise, once an individual moves out of state, Oregon has no authority to review, grant relief, or otherwise alter an individual's obligation to report as a sex offender under the statutory scheme for sex offender registration. *See id.*

There is no conflict between OAR 255-087-0020(3)(a) and ORS 163A.055. Rather, as the board correctly notes, the administrative rule that allows only individuals who "live, work, or go to school in Oregon" to obtain relief is consistent with applicable statutes. As previously stated, ORS 163A.010 and ORS 163A.020 require individuals with qualifying convictions who reside, work, or attend school in Oregon to report as sex offenders. Further, ORS 163A.125(1)(a) provides that "[a] person who is *required to report* as a sex offender * * * and is classified as a level one sex offender * * * may petition the [board]" for relief. (Emphasis added.) An individual who is *not required to report* as a sex offender in Oregon—because the individual does not live, work, or attend school here—is not eligible to petition for relief in Oregon.

Petitioner's argument that such a result imposes an unconstitutional restriction on petitioner's right to travel is unpersuasive. Although ORS 163A.125(1)(a) and OAR 255-087-0020(3)(a) limit eligibility to apply for relief from the obligation to register as a sex offender to individuals who live, work, or attend school in Oregon, they do not limit an individual's "right to [move] from one place to another according to inclination." *See Chicago v. Morales*, 527 US 41, 47, 119 S Ct 1849, 144 L Ed 2d 67 (1999) (internal quotation marks omitted). In fact, ORS 163A.055 makes explicitly clear that an individual will no longer be tracked by the department so long as that individual does not live, work, or attend school here. And the relevant Oregon laws do not infringe an individual's eligibility to petition for relief from the obligation to register as a sex offender in another jurisdiction, where such individual may be required to register once they have moved away from Oregon.

---

they require to register[.]"); *see, e.g.*, Ariz Rev Stat Ann § 13-3826 (providing a process to petition to terminate sex offender registration in Arizona).

Petitioner also contends that the board erred when it relied on petitioner's failure to appear as a basis for denial. In petitioner's view, OAR 255-087-0080(1) impermissibly adds a criterion—failure to appear at a hearing—as a basis for denying relief that is not included in ORS 163A.125, the statute that enumerates criteria that must be considered when reviewing a petition for relief from the obligation to register as a sex offender. Because it was proper for the board to deny petitioner's request for relief under OAR 255-087-0020(3)(a), we need not address petitioner's contention about his failure to appear at the hearing, and we decline to do so.

Affirmed.